IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ROBERT GISSENDANNER,
MEGAN GISSENDANNER,
PETTERA ENTERPRISES, LLC, and
GREAT WEST CASUALTY COMPANY

Plaintiffs,

v.

JAY KILLINGER and
BRIDGER TRANSPORTATION, LLC

Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiffs, Robert Gissendanner, Megan Gissendanner, Pettera Enterprises, LLC and Great West Casualty Company ("Great West"), through their attorneys of record, Gilbert A. Dickinson, and the law firm of Jackson Kelly PLLC and Seth A. Rider of Morgan Rider Riter Tsai, P.C., hereby submit the following Complaint and Jury Demand.

### I.  JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. 1332 in that the plaintiffs and the two defendants all reside in different states, and the claimed damages exceed $75,000.  Venue is proper in that the accident which is the subject matter of this litigation occurred in Weld County, Colorado.

## II.     GENERAL ALLEGATIONS

1. Jay Killinger resided in Minot, North Dakota at the time of the accident in question. Upon information and belief, he currently resides in West Bend, Wisconsin.

2. Bridger Transportation, LLC, and any affiliated or successor companies (hereinafter referred to as Bridger) is a trucking company which has its principal place of business in Carrollton, Texas.

3. Robert Gissendanner and Megan Gissendanner reside in Cheyenne, Wyoming and are married.

4. Pettera Enterprises, LLC is a trucking company organized in the State of Nebraska which is no longer in business but had its principal place of business in Cheyenne, Wyoming at the time of the subject accident.

5. Great West is a commercial insurer licensed to provide insurance in the State of Colorado with a principal place of business located at 1100 W. 29th Street, South Sioux City, Nebraska, 68776.

6. On October 5, 2016, Mr. Killinger was driving a 2013 Kenworth tractor and oil tanker-trailer owned by Bridger southbound on Weld County Road 390 when his vehicle crossed over the center line of the road way and struck the tractor trailer being driven by the plaintiff, Robert Gissendanner, causing severe injuries to Mr. Gissendanner and severe damage to the vehicles.

7. Mr. Killinger was an employee or agent of the defendant Bridger at the time of the accident.

8. The tractor trailer being driven by Mr. Gissendanner was owned by Pettera Enterprises, LLC and insured by an insurance policy issued through Great West that provided property damage insurance.

9. As a direct and proximate result of Defendants' negligence and carelessness, Pettera Enterprises, LLC has suffered economic damages as the result of subject accident.

10. Pursuant to its policy, Great West was required to make, and has made payments for property damage caused by Mr. Killinger's negligence.

11. As a direct and proximate result of Defendants' negligence and carelessness, Great West has suffered economic damages due to its insureds' property damage.

12. As a result of payments issued pursuant to its insurance policy, Great West is subrogated to the rights of Pettera Enterprises, LLC and Mr. Gissendanner.

### III.   **FIRST CLAIM FOR RELIEF**

13. The allegations in paragraphs 1-5 of the Complaint are incorporated herein.

14. Mr. Killinger was negligent in that he failed to keep his vehicle in the proper lane of travel. Specific aspects of his negligent conduct may include distracted driving, and other conduct that may be revealed during discovery. Mr. Killinger was cited with Careless Driving Causing Bodily Injury pursuant to CRS 42-4-1402(2)(b).

15. Mr. Killinger's negligence caused serious bodily injury to Mr. Gissendanner.

16. Mr. Killinger's negligence caused Pettera Enterprises, LLC and Great West damages, including, but not limited to, economic damages and payments Great West issued pursuant to its insurance policy for damage to Pettera Enterprises, LLC's tractor, trailer and related damages arising from the subject motor vehicle accident.

## IV.    SECOND CLAIM FOR RELIEF

17. The allegations in paragraphs 1-8 of the Complaint are incorporated herein.

18. At the time of the accident, Mr. Killinger was acting as an employee or agent of Bridger which is vicariously liable for the negligence of Mr. Killinger and the damages caused to the plaintiffs.

## V.    THIRD CLAIM FOR RELIEF

19. The allegations in paragraphs 1-10 of the Complaint are incorporated herein.

20. Based on information and belief, Bridger was negligent in that it failed to take reasonable care in the retention, training, and supervision of Mr. Killinger.

21. The independent negligence of Bridger was a cause of the accident and the injuries and damages incurred by the plaintiffs.

## VI.    DAMAGES

22. As a result of the accident, Mr. Gissendanner suffered multiple injuries including brain injury and hemorrhage, facial lacerations and scarring, cardiac contusion, compression fractures of the spine, and displaced fractures of the left arm and right leg. The spinal fractures, arm fractures and leg fractures each required multiple surgeries. These injuries have left Mr. Gissendanner with chronic pain, disfigurement, and permanent impairment.

23. As a result of these injuries, Mr. Gissendanner incurred approximately $800,000 in expenses for hospitalizations, surgeries, rehabilitation, and pain treatment procedures.

24. As a result of these injuries, Mr. Gissendanner has permanent impairments and disability related to the function of his left arm, right leg, and back.

25. As a result of these injuries, Mr. Gissendanner will require periodic medical care for the rest of his life. His estimated future medical and health care expenses are $375,000.

26. Mr. Gissendanner had been employed full time as a semi-tractor driver with Pettera Enterprises, Inc. As a result of these injuries, Mr. Gissendanner was unable to work for approximately eighteen months.  Mr. Gissendanner's earnings losses to date are approximately $180,000.

27. As a result of his injuries, Mr. Gissendanner will be unable to return to his prior work and will have a permanent impairment of his earning capacity.  His future earnings losses are estimated as $600,000 to $1 million.

28. Megan Gissendanner, as the wife of Robert Gissendanner, has suffered a loss of consortium, including the loss of companionship and the loss of her husband's services.

29. Defendants' negligence caused Pettera Enterprises, LLC damages, including, but not limited to, lost revenue, tractor trailer moving expenses, property damage, clean-up costs and physical damage to specialized rigging and other equipment.

30. Defendants negligence caused Great West damages, including, but not limited to, payments Great West issued pursuant to its insurance policy for damage to Pettera Enterprises, LLC's tractor, trailer and related damages arising from the subject motor vehicle accident.

Wherefore, Robert Gissendanner requests judgment against the defendants for past and future medical expense, past and future wage loss, and past and future damages related to disfigurement, physical impairment, pain and suffering, and loss of enjoyment of life.  Megan Gissendanner, for her claim of loss of consortium, requests judgment for her economic and non-

economic damages. Both plaintiffs further demand recovery of their costs and interest on any award of damages.

Wherefore, Pettera Enterprises, LLC and Great West Casualty Company request the Court to enter judgment in their favor and against the Defendants for the damages they sustained, including, but not limited to, payments made for property damage, damages to cargo, insurance deductibles, towing expenses, lost revenue, vehicle moving expenses, clean-up costs, physical damage to specialized rigging equipment and all benefits paid under Great West's policy, pre and post judgment interest, expert witness fees, costs, compensatory damages, and any further relief the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Dated this 20th day of June, 2019.

Respectfully submitted,

s/Gilbert A. Dickinson
Gilbert A. Dickinson, #6755
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, CO  80202
Telephone:  303-390-0003
Facsimile:  303-390-0177
Email: gilbert.dickinson@jacksonkelly.com
Attorney for Plaintiffs

s/Seth A. Rider
Seth A. Rider, #31911
Morgan Rider Riter Tsai, P.C.
1512 Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
Fax: (303) 623-1833
Email: srider@morganrider.com
Attorney for Plaintiffs